

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

Gerald C. Mann
Attorney General

Honorable C. Burtt Potter
County Attorney
San Patricio County
Sinton, Texas

Dear Sir:

Opinion No. 0-2904
Re: Is property leased by
the City of Corpus Christi
from a private individual
for use as a reservoir
exempt from the payment
of ad valorem taxes?

We are in receipt of your letter of November 14, 1940, in which you request an opinion of this department as to whether or not the property which the City of Corpus Christi has leased from a private individual for reservoir purposes is exempt from ad valorem taxes.

Section 2 of Article 8 of the Constitution of Texas reads in part as follows:

"All occupation taxes shall be equal and uniform upon the same class of subjects within the limits of the authority levying the tax; but the Legislature may, by general laws, exempt from taxation public property used for public purposes; * * *"

Section 9 of Article 11 of the Constitution of Texas reads as follows:

"The property of counties, cities and towns, owned and held only for public purposes, such as public buildings and the sites therefor, Fire engines and the furniture thereof, and all property used, or intended for extinguishing fires, public grounds and all other property devoted exclusively to the use and benefit of the public shall be exempt from forced sale and from taxation, provided, nothing herein shall prevent the enforcement of the vendors lien, the mechanics or builders lien, or other liens now existing."

Article 7150 of the Revised Civil Statutes of Texas, reads in part as follows:

"The following property shall be exempt from taxation, to-wit:

* * * *

"4. Public property - All property, whether real or personal, belonging exclusively to this State, or any political subdivision thereof, or the United States, * * *"

The Eastland Court of Civil Appeals in the case of City of Abilene vs. State, 113 S. W. (2d) 631, writ of error dismissed by the Supreme Court, construed the above quoted portions of the Constitution of Texas and Article 7150 in connection with the exemption of property purchased by the City of Abilene for the purposes of a reservoir, which purpose is identical with the one for which the property is being used by the City of Corpus Christi in your case. The Court stated as follows:

"* * * These considerations lead us to the conclusion that as to the power of the legislature, to exempt public property from taxation, all such property should be regarded as 'used for public purposes' when it is owned and held for public purposes, but not owned or held exclusively for such purposes; and there has been no abandonment of such purposes. * * *

"* * * It is, therefore, our view that when the facts of a given case establish the ownership of property by a municipal corporation, which has been acquired for an authorized public purpose, and the purpose for which it is owned and held has not been abandoned, such property is to be regarded as used for public purposes, and the Legislature has the power to provide by general law for its exemption from taxation. * * *"

The proposition that before property is tax exempt it has to be both owned and held for public purposes was announced by the Supreme Court of Texas in an opinion written by Justice Gaines in the case of Morris vs. Lone Star Chapter No. 31x, 5 S. W. 519. The Court stated as follows:

"This position is also sustained by the analogy of the section, which exempts the property of counties, cities, and towns. The exemption is limited to their property owned and held only for public purposes, such as public buildings and sites therefor."

The same proposition of law was announced by the Beaumont Court of Civil Appeals in the case of San Antonio Independent School District vs. Water Works Board of Trustees, 120 S. W. (2d) 681. The Court stated as follows:

" * * * The decision of this case turns upon the sole question of whether or not the Water Works System, which supplies the City of San Antonio is 'owned and held' by the City of San Antonio so as to come within the provisions of the State Constitution which exempts such property from taxation. * * *"

In this case we have both the owner of the property, a private individual, and a lessee, which is the City of Corpus Christi. Therefore we call your attention to Article 7171 of the Revised Civil Statutes of Texas, which reads as follows:

"All real property subject to taxation shall be assessed to the owners thereof in the manner herein provided; but no assessment of real property shall be considered illegal by reason of the same not being listed or assessed in the name of the owner or owners thereof."

The applicable rule of law was laid down by the Supreme Court of Texas in an opinion written by Chief Justice Stayton in the case of Daugherty vs. Thompson, 71 Tex. 192, The Court stated as follows:

"The general rule is that the owner of real estate leased is taxable upon the entire value of the property and this satisfied the constitutional requirement that 'all property in this state, whether owned by natural persons or corporations, other than municipal, shall be taxed in proportion to its value.'"

Honorable O. Burtt Potter, page 4

In answering your question in this case, we must consider the tax as being assessed against the owner and as being a liability on his part despite the fact that under the lease contract the City of Corpus Christi has contracted to pay all taxes that may become due. We do not believe there is any question but that if this property was owned by the City of Corpus Christi the same would meet the constitutional requirements of property being owned and held only for public purposes by a municipal corporation. See the cases of City of Dallas vs. State, 28 S. W. (2d) 937; City of Abilene vs. State, supra; and San Antonio I. S. D. vs. Water Works Board of Trustees, supra. However, under the facts you submit the property is not owned by the City of Corpus Christi but is owned by an individual who has privately leased the same to such city. We do not believe that the constitutional and statutory exemption as quoted above and as interpreted by the cases above cited would apply in your case. We think the discussion in the case of City of Dallas vs. Cochran, 166 S. W. 32, is applicable in this case. In that case a private individual had leased property to a church and he therefore contended that the property was tax exempt under the authority of Section 2 of Article 8 of the Constitution of Texas. The Court stated as follows:

"The fact that the lessee used the premises under a rental contract for church purposes would be opposed by the fact that the owner, claiming the exemption, was himself putting his property to the use of private gain."

A like situation was discussed by the Supreme Court of Texas in the case of Red vs. Morris, 10 S. W. 681, by Justice Gaines. In discussing the proposition that the property would have to be owned by the school in order to be tax exempt the Court stated as follows:

"We think, that pursuant to the same policy, the Legislature, meant, by the employment of the terms of the Constitution, to prevent the owners of property from taking advantage of the exemption, when they leased the property to others for profit, to be used by the latter for the maintenance of schools."

The Attorney General's Department in an opinion written by Assistant Attorney General Joe J. Alsup, to Honorable Charles E. Reagan, District Attorney, Falls County, dated February 1, 1935, held that a building that was privately

Honorable C. Burtt Potter, page 5

owned but used for charitable purposes was not exempt from taxation. The Attorney General's Department in an opinion written by Anthony Maniscalco, to Charles B. Thompson, Edinburg, Texas, dated February 31, 1935, held that a building that was privately owned but the use was donated to the Federal Emergency Relief Administration was not exempt from taxation. This Department in Opinion O-1621 held that where a lot and building which was privately owned was leased to the Works Progress Administration the same was not exempt from taxation. This Department also ruled in Opinion No. O-936 that buildings leased by the Austin School of Business and Nixon-Clay Commercial College were not exempt from taxation because the same were not owned by said schools but were leased by them from private individuals.

It is the opinion of this department that under the facts submitted, the property leased by the City of Corpus Christi for reservoir purposes is not exempt from ad valorem taxes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Billy Goldberg
Billy Goldberg
Assistant

BG:AP

APPROVED DEC 11, 1940

ATTORNEY GENERAL OF TEXAS

